"This is a suit, brought on behalf of Shawn D. Clark and Tricia D. Clark (minor children, plaintiffs), for recovery of death benefits and survivor annuities allegedly due them pursuant to the Civil Service Retirement Act of 1930, as amended. 5 U.S.C. §§ 8331-48 (1970). Upon the death of their father, George G. Isaacson, an employee of the Veteran’s Administration, the children made timely application to the Civil Service Commission, Bureau of Retirement, Insurance and Occupational Health (BRIOH) for payment of benefits under 5 U.S.C. § 8341(e). BRIOH denied their claim pointing to statutory language which required illegitimate children to have lived with their father in a 'regular parent-child relationship’ in order to qualify for survivor annuities.[1] After the Civil Service *1012 Commission (CSC) Appeals Board affirmed the BRIOH determination,[2] the plaintiffs filed suit in this court. The matter is now before us on plaintiffs’ motion for summary-judgment.[3]
"Subsequent to the filing of the instant case, this court has had occasion to deal with the precise statutory provisions now before us. In Gentry v. United States, 212 Ct.Cl. 1, 546 F.2d 343 (1976),[4] we held a portion of 5 U.S.C. § 8341 to be unconstitutional insofar as it discriminates between legitimate and illegitimate children solely on the basis of their status at birth. Since the Government now quite properly concedes that Gentry, supra, is dispositive of the case now before us, the only issue to decide is whether we should remand to the CSC as we did in Gentry.
"Despite the Government’s request that we remand to the CSC for further factual determination, it is not appropriate to do so in this case. In Gentry, it was necessary to determine 'whether plaintiff is in fact the child of the deceased annuitant, and whether the latter recognized and supported him as such.’ 212 Ct. Cl. at 23, 546 F.2d at 355. Here, on the other hand, there is no dispute over the facts of parentage, recognition, and support. Indeed, a prior, valid, judgment is conclusive on these points. Clark v. Isaacson, No. 5625 (Dist.Ct., 1st Dist. of Mont., Broadwater County, June 2, 1972). As there are thus no factual determinations to be made bearing on the right to recover, a remand to the CSC would serve no purpose.
*1013 "In summary, on the uncontested facts of parentage, recognition, and support, plaintiffs have shown that they have a right to recover the benefits provided by 5 U.S.C. § 8341(e). Because this court has previously held a portion of 5 U.S.C. § 8341 to be unconstitutional insofar as it discriminates between legitimate and illegitimate children solely on the basis of their status at birth, and since there are no factual issues which require CSC determination, we hold that plaintiffs are entitled to recover the annuity provided by the statute.
"Accordingly, it is hereby ordered, upon consideration of the pleadings and exhibits, without oral argument, that plaintiffs’ motion for summary judgment is granted. Judgment is therefore entered for plaintiffs, and the cause is remanded to the Trial Division for further proceedings under Rule 131(c) to determine the amount to be awarded plaintiffs, consistent with this opinion.”

 5 U.S.C. § 8341 provides, in pertinent part, as follows:
§ 8341. Survivor annuities.
(a) For the purpose of this section—
(3) ‘child’ means—
(A) * * * (ii) a stepchild or recognized natural child who lived with the employee or Member in a regular parent-child relationship;

 The CSC held that there was no 'regular parent-child relationship’ at the time of the father’s death notwithstanding the following facts: George Isaacson was the father of both children, he had in fact lived with them and their mother under the same roof for some six years, he had thereafter been subject to a court decree to pay child support, and he had continued to provide child support until the time of his death.

 This court is aware of defendant’s assertion that, after finding the children not eligible, CSC made an award of $7,755.12 to the father of George G. Isaacson. In 1976, defendant filed a contingent third party cross-motion against the father, but defendant has not followed up on its third party cross-motion, and it is not before the court on this motion for summary judgment.

 The case is also reported at 212 Ct.Cl. 27, 551 F.2d 852 (1977) (Order denying Defendant’s Motion for Rehearing). Defendant, perhaps because of the compelling factual circumstances present in the case now before us (see note 2, supra), has apparently abandoned its contention (which it made on motion for rehearing in Gentry) that some determination as to 'degree of dependency’ might be necessary.